Dear Mr. O'Halloran:
This letter is in response to your opinion request asking the following question:
 If a library district is on a calendar year and the assessed valuation of real or real and personal property combined within the district has increased by ten percent or more over the prior year's valuation by action other than general reassessment, does Section 137.073.3, RSMo Supp. 1979, require the tax rate set in September, 1980 produce substantially the same amount of tax revenue as set forth in the budget for 1980 or the budget for 1981?
Section 137.073.3, RSMo Supp. 1980, the section about which you inquire states:
 Whenever the assessed valuation of real or real and personal property combined within a political subdivision or taxing authority has increased by ten percent or more over the prior year's valuation by action other than a general reassessment, the political subdivision or taxing authority shall immediately revise and lower the rates of levy for each purpose for which taxes are levied to the extent necessary to produce from all taxable property substantially the same amount of tax revenue as set forth in estimates filed by school districts for the current year as required by section 164.011, RSMo, or as estimated in the annual budget for the fiscal year adopted in accordance with chapters 50 and 67, RSMo, by political subdivisions other than school districts. The lower rate of levy as determined by the taxing authority, or when a court has determined the tax rate reduction, shall then be recertified to the county clerk.
In your request you specifically ask whether in the case of a library district, § 137.073.3 requires the 1980 tax rate to produce revenue commensurate with the library's 1980 budget or its 1981 budget. A reading of § 137.073.3 and the sections mentioned therein show that the section contemplates a tax rate which will produce revenue "substantially the same" as the amount of revenue estimated as necessary in the budget of the same year in which the rate is levied, that being in the instant situation the library's 1980 budget.
Section 137.073.3 states that the tax rate should be lowered so as to produce substantially the same amount of tax revenue "as estimated in the annual budget for the fiscal year adopted in accordance with chapters 50 and 67, RSMo." Section 50.540, RSMo 1978 relates to county budgets and provides the dates by which various aspects of the county budget process are to be completed. Under this section, for example, the budget officer in third and fourth class counties is not required to transmit the budget for 1981 to the county court until February 1, 1981. A county, which is on a calendar year, would not have its 1981 budget prepared by the time tax rates are set in September of 1980. Section 137.073.3, when referring to the budget adopted in accordance with Chapter 50, applicable to counties, must mean the 1980 budget, because the 1981 budget would not be prepared at the time the tax rate is set in September of 1980. Since the applicable budget prepared under Chapter 50 is obviously the 1980 calendar year budget, it follows that the applicable budget prepared under Chapter 67 for political subdivisions on a calendar year would also be the 1980 calendar year budget.
This opinion applies only to political subdivisions which are on a calendar year for budget purposes. In this opinion this office has not attempted to resolve questions which may arise relating to political subdivisions which are on a fiscal year other than a calendar year.
CONCLUSION
It is the opinion of this office that under the terms of § 137.073.3, RSMo Supp. 1980, if a library district is on a calendar year and the assessed valuation of real or real and personal property combined within the district has increased by ten percent or more over the prior year's valuation by action other than general reassessment, the tax rate set in 1980 must be lowered to the extent necessary to produce substantially the same amount of tax revenue as estimated in the library district's 1980 annual budget.
Very truly yours,
 JOHN ASHCROFT Attorney General